# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1489

_____

|  |  |  |
|---|---|---|
| Debera Cochenour, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Cameron Savings and Loan, F.A., | * | |
| | * | |
| Appellee, and | * | |
| | * | |
| David Just, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted:  September 25, 1998

Filed:  November 16, 1998

_____

Before BOWMAN, Chief Judge, and JOHN R. GIBSON and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Debera Cochenour sued the Cameron Savings and Loan Association, contending
that she was fired from her job in violation of the Americans with Disabilities Act, *see*
42 U.S.C. §§ 12101-12213, the Age Discrimination in Employment Act, *see* 29 U.S.C.

§§ 621-634, and the Missouri Human Rights Act, *see* Mo. Rev. Stat. §§ 213.010-213.137. Cameron contends that it fired Ms. Cochenour after two customers complained to Cameron's president that Ms. Cochenour and another employee were spreading rumors in the bank about the customers' sexual orientation. Ms. Cochenour maintains that Cameron's stated reason for firing her was pretextual, and that Cameron in fact terminated her employment because of her age and her health problems.

A jury returned a verdict in favor of Cameron, and the trial court denied Ms. Cochenour's motion for a new trial. Ms. Cochenour appealed from certain evidentiary rulings, and we affirm the judgment of the trial court.[1]

## I.

Shortly after Ms. Cochenour and the other employee, Beth McDonald, were fired from Cameron, Ms. McDonald received a job offer from Cameron's attorney, who had given legal advice to the bank regarding its decision to terminate the two employees. Ms. Cochenour maintains that the trial court erred in excluding evidence of the job offer. She argues that the jury could have inferred from this job offer that Cameron never had any real intention of depriving Ms. McDonald of employment, and that its stated reason for firing Ms. Cochenour was therefore pretextual.

If a trial court wrongly excludes evidence, we will not set aside the judgment unless we are left with " 'no reasonable assurance that the jury would have reached the same conclusion had the evidence been admitted.' " *Stolzenburg v. Ford Motor Co.*, 143 F.3d 402, 406 (8th Cir. 1998), quoting *Adams v. Fuqua Industries, Inc.*, 820 F.2d 271, 273 (8th Cir. 1987). In this case, the probative value of the proffered testimony regarding the job offer seems to us extremely small, and we believe that any inference

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

of pretext that a reasonable person could draw from that evidence would have to be correspondingly weak. Other than the tenuous circumstantial evidence of the job offer itself, Ms. Cochenour presented no evidence of an agreement or collusion between Cameron and its attorney regarding the offer to Ms. McDonald. Ms. Cochenour admitted, moreover, that she had participated in discussions regarding the customers' sexual orientation, and Cameron presented a strong case to the jury that Ms. Cochenour was fired for that reason alone. We do not believe that evidence regarding the job offer would have had any appreciable effect on the jury's verdict, and we therefore conclude that any error in excluding it was harmless.

## II.

Ms. Cochenour also maintains that the trial court erred in excluding testimony regarding a conversation in which Cameron's president allegedly told an employee that she could not continue to work for Cameron because she had become pregnant. The alleged conversation occurred more than 10 years before Ms. Cochenour's termination, however, and we believe in any case that it was sufficiently dissimilar from Ms. Cochenour's claim that any inference that could be drawn from it regarding Cameron's motive for firing Ms. Cochenour would be extraordinarily weak at best. We therefore conclude that any error in excluding this testimony was also harmless.

## III.

Ms. Cochenour contends that the trial court erred in admitting into evidence a letter that Ms. Cochenour wrote to Cameron after her termination, in which she stated that she had been planning to retire at age 50. (Ms. Cochenour was 47 years old at the time that she was fired.) Because the letter included a settlement demand, Ms. Cochenour maintains that it was inadmissible because of Fed. R. Evid. 408, which provides that an offer to compromise "is not admissible to prove liability for or the invalidity of the claim or its amount." The rule, however, "does not require exclusion when the evidence is offered for another purpose." *Id.* Cameron offered Ms. Cochenour's statement regarding her plans to retire in order to rebut her earlier

testimony that she had had no plans to retire and that Cameron's president had attempted to force her to retire early. Even assuming that the letter was an "offer to compromise" within the meaning of Fed. R. Evid. 408, we believe that its use as rebuttal to Ms. Cochenour's testimony was permissible under the rule. The trial court therefore did not err in admitting the letter into evidence.

IV.

Ms. Cochenour also urges us to reverse the judgment because of alleged errors that the trial court made during the parties' closing arguments. During the trial, Cameron's president testified that Cameron had a policy of mandatory retirement at age 72 for officers of the bank. He also testified that he told a 72-year-old employee who was not an officer that she should retire. Based on this testimony, Ms. Cochenour's attorney attempted to comment during closing argument that Cameron had an "express policy" of mandatory retirement at age 72 for all employees. The trial court refused to allow Ms. Cochenour's attorney to make this statement. In addition, the trial court allowed Cameron's attorney to state to the jury that the bank's mandatory retirement policy for officers was permissible under a statutory exception for "bona fide executive or ... high policymaking" employees. *See* 29 U.S.C. § 631(c)(1).

We believe that the trial court erred in refusing to allow Ms. Cochenour's attorney to argue that Cameron had a mandatory retirement policy for all employees. It was the province of the jury, not the trial court, to decide whether or not the evidence presented at trial supported such a conclusion. We do not believe, however, that the trial court's restrictions on Ms. Cochenour's closing argument could possibly have altered the jury's verdict. We note that the trial court did allow Ms. Cochenour's attorney to comment at length during closing argument on the statement of Cameron's president to the 72-year-old employee that she should retire. Although the trial court erred in sustaining Cameron's objection to Ms. Cochenour's argument that Cameron had a mandatory retirement policy, therefore, we believe that the error was harmless.

-4-

We think it probable that it was also error for the trial court to permit Cameron's attorney to say during closing argument that Cameron's mandatory retirement policy for officers was permissible under the law, since that comment was a statement about a legal matter on which the jury was not instructed. Even if the trial court believed that allowing Cameron's attorney to make such a statement was the equivalent of a jury instruction, we do not believe that the record would support what is analogous to directing a verdict on the matter of whether Cameron's policy was legal. In any case, however, we have held that "to constitute reversible error, statements made in closing argument must be plainly unwarranted and clearly injurious." *Griffin v. Hilke*, 804 F.2d 1052, 1057 (8th Cir. 1986), *cert. denied*, 482 U.S. 914 (1987). Reversal is inappropriate "when the error is harmless and did not affect the substantial rights of the parties." *Williams v. Fermenta Animal Health Co.*, 984 F.2d 261, 266 (8th Cir. 1993). Because we do not believe that this isolated remark affected the jury's verdict, we conclude that it, too, was harmless error. *See City of Malden v. Union Elec. Co.*, 887 F.2d 157, 164 (8th Cir. 1989) ("[d]efense counsel's comments were brief and were made in the context of a lengthy closing argument").

V.

Because we affirm the judgment in favor of Cameron, we need not address Ms. Cochenour's argument regarding the proper standard of proof for punitive damages under the Missouri Human Rights Act.

For the foregoing reasons, we affirm the judgment of the trial court.

JOHN R. GIBSON, Circuit Judge, concurring specially.

I concur in the result the court reaches today, and in all of this opinion except Part IV, which holds the district court erred in refusing to allow Cochenour's attorney to comment on the policy of mandatory retirement at age 72 for all employees. Cochenour was 47 when terminated, and planned to retire at age 50. The policy for 72

year-olds was sufficiently irrelevant to the issues being tried that I cannot conclude the district court abused its discretion in this ruling.

Certainly, the ruling was harmless, but I do not believe it was error.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.