[No. 45392-1-I.    Division One.    September 11, 2000.]

PAMELA L. NORTHINGTON, *Appellant*, v. PHILIP A. SIVO, ET AL., *Defendants*, ANTHONY V. GASHO, ET AL., *Respondents*.

*Philip J. Buri* (of *Brett & Daugert, P.L.L.C.*), for appellant.

*Jerret E. Sale* and *Troy D. Greenfield* (of *Bullivant Houser Bailey*), for respondents.

AGID, C.J. — Pamela Northington was seriously injured while riding in a car driven by her friend, Phil Sivo, that collided with a logging truck driven by Anthony Gasho. Northington filed a negligence suit against both drivers, but eventually settled with Sivo. In the subsequent trial against Gasho, the court allowed Gasho to question Northington on her settlement with Sivo to demonstrate Northington's potential bias in favor of Sivo and against Gasho. The jury found no liability on Gasho's part, and Northington appealed, claiming that the trial court's admission of the settlement evidence was unfairly prejudicial and reversible error. We hold that although the trial court abused its discretion in admitting the settlement evidence, the error was harmless in this case, and we therefore affirm.

## FACTS AND PROCEDURAL HISTORY

On May 31, 1996, Northington and Sivo drove Sivo's Ford Bronco up a logging road near Northington's home in Bow, Washington, to photograph the scene of an accident in which Northington's friend's son had recently been involved. After taking a few pictures, the pair drove back down the road and, as they came around a curve, collided head-on with a logging truck driven by Gasho. Northington was seriously injured. She later filed suit against Sivo and Gasho claiming negligence,[1] but settled with Sivo for an undisclosed amount before trial.

At trial, the parties disagreed about the relative fault of Northington, Sivo, and Gasho.[2] For example, although Sivo

---

[1] Northington also named Hornbeck Trucking, Gasho's employer, as a defendant based on vicarious liability.

[2] Because Gasho claimed that Northington was partially at fault, the jury considered her potential liability along with Sivo's and Gasho's.

claimed Gasho was traveling on the wrong side of the road, Gasho submitted evidence that indicated the road was only one lane. And while Gasho claimed he skidded to a halt as soon as he saw the Bronco and watched as Sivo ran into his stopped truck, Sivo testified that he slammed on his brakes as soon as he saw the truck and watched as the logging truck collided with his stopped car. The parties also presented conflicting evidence, including expert testimony, about how fast the vehicles were traveling before impact. Finally, there was significant evidence, including Sivo's own testimony, that Sivo had consumed beer and schnapps before the accident, hid the schnapps behind a tree after the accident, and lied to an investigating officer about his drinking to avoid being arrested.

Before trial, Northington's counsel had moved in limine to exclude evidence of the settlement between Northington and Sivo, but Gasho's counsel argued it was admissible under ER 408 for the limited purpose of proving bias. According to Gasho, because she had already settled with Sivo, Northington had an incentive to place as much blame as possible on Gasho in order to maximize her recovery under Washington's proportionate liability scheme.[3] The trial court ruled conditionally:

> As to the bias of the plaintiff, the only way [the settlement evidence] would be able to show bias of plaintiff is if . . . the plaintiff takes the stand and says it was all [Gasho's] fault and Mr. Sivo was not at fault. Then she could be impeached with the fact that she brought a claim against Mr. Sivo and in fact she settled with Mr. Sivo. So how can she tell the jury that it was all [Gasho's] fault? She would be opening the door to that if that was the case. But that's not the case yet because we don't know what she's going to testify to.[4]

When Northington testified that Sivo did not appear to be under the influence of alcohol the day of the accident and

---

[3] *See* RCW 4.22.070.

[4] The court refused to admit evidence of the settlement for purposes of impeaching Sivo because it was not relevant to any bias on Sivo's part. It also excluded the amount of the settlement.

failed to clearly characterize any of his actions as potential grounds for liability, the court allowed Gasho to ask her about the settlement. The trial judge reasoned that because Northington's testimony about Sivo's involvement was inconsistent with her complaint, in which she alleged that Sivo was negligent, it was therefore appropriate to admit the settlement evidence to show bias.

## DISCUSSION

■■ ER 408 excludes evidence of a settlement to prove liability; courts may, however, admit settlement evidence for other purposes, such as proving bias or prejudice of a witness. Settlement evidence admitted to show bias under ER 408 must satisfy all other evidentiary rules. It must be relevant as evidence of bias under ER 401 and 402, and its probative value must not be substantially outweighed by prejudice or the other factors listed in ER 403.[5] Here, the trial court abused its discretion in admitting the settlement evidence because it was irrelevant and unfairly prejudicial.[6]

■ First, the trial judge incorrectly determined that there was a significant inconsistency between Northington's allegations in her complaint and her trial testimony.[7] In her complaint, Northington alleged Sivo was negligent

---

[5] *See* 5A KARL B. TEGLAND, EVIDENCE § 408.9, at 62 (4th ed. 1999) (citing cases); 23 CHARLES ALAN WRIGHT & KENNETH W. GRAHAM, FEDERAL PRACTICE AND PROCEDURE § 5311, at 261 (1980).

[6] A trial court's decision to admit evidence is reviewed for abuse of discretion. *Doe v. Gonzaga Univ.*, 99 Wn. App. 338, 362, 992 P.2d 545 (2000).

[7] Whether a witness's testimony remains consistent after settling is an important factor in determining whether settlement evidence should be admitted to show bias. *See, e.g., Lee v. Missouri Pac. R.R.*, 566 So. 2d 1052, 1056-57 (La. Ct. App. 1990) (where a witness injured in the same accident as the plaintiff offered consistent testimony before and after settling with defendant, the trial court did not abuse its discretion in refusing to admit evidence of the settlement to show bias); *London v. Stewart*, 221 Neb. 265, 376 N.W.2d 553, 556-57 (1985) (holding that settlement evidence offered to show bias was irrelevant and unfairly prejudicial where the witness's testimony before and after plaintiff settled with her husband, a defendant, was inconsistent but the change was the opposite of what would result from bias); *Anderson v. Alfa-Laval Agric., Inc.*, 209 Wis. 2d 337, 564 N.W.2d 788, 794 (Ct. App. 1997) (trial court erred in admitting settlement evidence because "[t]here was no contention that the settlement among the other

and that when Sivo "was met head on with the log truck [he] did not avoid a collision [and] had consumed alcohol prior to the collision." We see no significant discrepancy between these allegations and Northington's trial testimony, in which she stated that Sivo was drinking beer while driving just before the accident, and that she didn't notice much else about Sivo's actions during the collision other than that he slammed on the brakes.[8] ER 408 was enacted to protect parties and witnesses from the potentially corrosive effect settlement evidence may have on a jury. Allowing the jury to consider the fact of settlement to show bias compromises that safeguard. In the absence of clear conflict in a witness's testimony or a circumstance in which the settlement's content provides a motive for the witness to offer biased testimony, ER 408 does not permit the jury to consider settlement evidence. Here, Northington's testimony remained basically consistent before and after she settled with Sivo, and there were no other grounds for inferring that the settlement may have biased Northington against Gasho. Accordingly, the settlement evidence was far more prejudicial than probative of bias in this case, and the trial court should have excluded it.[9]

Second, because Northington offered virtually no definitive information about how the accident occurred, her

defendants changed the testimony of any witness or that the posture of any of the settling defendants was significantly different as a result of the settlement").

[8] Northington's trial testimony about Sivo's actions was also consistent with her presettlement deposition testimony. There she stated that while she was driving with Sivo, she saw him open one can of beer and sip it two or three times. Northington explained, "It was one beer, he didn't appear intoxicated to me, he was driving fine."

[9] In contrast, in *Doe v. Gonzaga University*, 99 Wn. App. 338, we held that the trial court erred in refusing to admit settlement evidence to prove that a witness, Jane Doe, who had settled with the plaintiff, John Doe, was biased. Jane Doe's trial testimony was consistent with a deposition taken before the settlement. But there the settlement agreement itself provided that the plaintiff could resume his lawsuit against Jane Doe if any new evidence surfaced that she had accused the plaintiff of sexual assault. Thus, it was the specific content of the settlement agreement, not the fact of settlement, that was probative of the truth of Jane Doe's trial testimony, in which she denied that plaintiff had sexually assaulted her. The case before us is distinguishable because Gasho sought to admit only the fact of settlement to prove bias.

credibility was not especially relevant to the question of Gasho's fault. Northington testified simply that she saw Gasho's truck just before the crash, but had no idea how fast it was traveling or how far away it was when she first saw it. Northington explained:

> I probably had my mouth going or something and wasn't really paying attention but I noticed [Sivo] kind of reacted and I looked up and saw the truck and [Sivo] jammed on the brakes and he said we're not going to make it and at that point all I saw was truck, lots of truck . . . And I don't really recall impact. . . .
>
> . . . .
>
> It happened very fast . . .

Although Northington testified that "[t]he truck was on our side of the road and stayed there," that information was not significant because several other witnesses testified that the road was one lane and Northington had already testified that she saw virtually nothing of the accident. In sum, Northington's unhelpful description of the accident, together with the lack of any notable inconsistencies in her testimony, rendered the settlement evidence irrelevant and unfairly prejudicial.

But reversal is not required because the error was harmless.[10] Even assuming that, as Northington contends, the case turned on the credibility of the three eyewitnesses—Northington, Sivo, and Gasho—the jury would have reached the same conclusion even if the court had excluded the settlement evidence because there was overwhelming evidence against Sivo. As we noted above, Northington's testimony was not probative of whether Gasho was negligent because she did not remember how the accident occurred. And although Sivo offered more detail than Northington on how Gasho's actions might have contributed to the crash, he testified that he had drunk a beer and some schnapps before the collision. Sivo also said

---

[10] Error without prejudice is not grounds for reversal and will not be considered prejudicial unless it affects, or presumptively affects, the outcome of the trial. *See Thomas v. French*, 99 Wn.2d 95, 104, 659 P.2d 1097 (1983).

he threw his bottle of liquor behind a tree after the crash "because I didn't want anybody to know I was drinking Schnapps," and admitted he told the trooper at the scene that he had not been drinking because he didn't want to get arrested. Finally, the evidence established that Sivo had bought the Schnapps that morning, and the bottle was two-thirds empty when the police found it behind the tree. In contrast to Gasho, whose credibility was not significantly called into question, Sivo's credibility was greatly undermined by his own admissions. Notwithstanding the settlement evidence, the jury likely would have rejected Sivo's version of the collision in favor of Gasho's, and the admission of the settlement evidence was therefore harmless.[11]

Affirmed.

COLEMAN and ELLINGTON, JJ., concur.

---

[11] Northington also calls this court's attention to a statement made by Gasho's counsel during his closing argument after mentioning the settlement. Counsel stated: "[A]t that point the case should have stopped. It should have stopped right there." This remark was not prejudicial because, when viewed in context, it is clear that counsel's point was to emphasize his theory that only Sivo, not Gasho, was negligent. The next thing counsel said was: "Based on the law and the facts that you have before you Mr. Gasho was not at fault for this accident so we ask that you return a defense verdict in favor of Mr. Gasho."