OPINION
McGREGOR, Vice Chief Justice.
¶ 1 We granted review to address whether Rule 408, Arizona Rules of Evidence (Ariz. R. Evid.), prohibits admission of evidence contained in a notice of claim filed pursuant to Arizona Revised Statutes (A.R.S.) section 12-821.01 (Supp.2001) when the evidence is introduced to impeach a party’s credibility. We conclude that, assuming Rule 408 applies, the rule would not preclude the use of impeachment materials contained in a notice of claim.
I.
¶2 Hernandez and his family arrived at the Patagonia Lake State Park at dusk on Friday, August 29,1997. Hernandez and his son attempted to buy bait at the Patagonia Lake Camp store. The store employee informed them that only the marina store sold bait.
¶ 3 The camp store was located on a hill above the marina store. Rather than drive to the marina store, Hernandez and his son tried to reach the store by crossing a parking lot area adjacent to the camp store, stepping over a cable fence supported by posts three feet high, and walking down a very steep hill without any path or trail. Unbeknownst to Hernandez, the hill ended at a retaining wall with a fourteen-foot drop-off to the road below. In the approaching darkness, Hernandez stepped off the retaining wall and fell to the road below. The fall knocked out several of Hernandez’s front teeth and fractured his left wrist.
¶ 4 Pursuant to A.R.S. section 12-821.01,[1] Hernandez filed a notice of claim with the State on September 15, 1997. The notice described the facts surrounding Hernandez’s fall as well as the amount Hernandez claimed for his injuries.
¶ 5 After filing the notice of claim, Hernandez brought a civil action against the State. In their joint pre-trial statement, Hernandez and the State stipulated to the facts underlying Hernandez’s claim. At trial, the State *198 introduced portions of the notice of claim to impeach Hernandez’s credibility because the facts in the notice differed from Hernandez’s deposition and trial testimony.[2] Hernandez objected, arguing that Rule 408[3] barred its use. The trial court overruled Hernandez’s objection and admitted the redacted notice of claim for impeachment purposes. At the end of a five-day trial, the jury returned a verdict in favor of the State.
¶6 The court of appeals upheld the trial court’s evidentiary ruling. In its majority opinion, the court concluded that no disputed claim exists when a party files a notice of claim, and a notice of claim therefore cannot constitute an offer to compromise excluded by Rule 408. Hernandez v. State, 201 Ariz. 336, 339-40 ¶¶ 10-16, 35 P.3d 97, 100-01 (App.2001). Dissenting, Judge Voss urged that Rule 408 always requires exclusion of a notice of claim. Id. at 342 ¶¶ 27-28, 35 P.3d at 103 (Voss, J., dissenting).
¶ 7 We accepted review and exercise jurisdiction pursuant to Article VI, Section 5.3 of the Arizona Constitution and Rule 23 of the Arizona Rules of Civil Appellate Procedure.
II.
A.
¶8 We begin by assuming, for purposes of this opinion, that a notice of claim constitutes an offer of compromise under Rule 408. The plain language of Rule 408 does not exclude evidence offered for the purpose of impeaching, a party’s credibility. The rule states, in pertinent part, that offers to compromise are “not admissible to prove liability for or invalidity of the claim or its amount.” Ariz. R. Evid. 408. Thus, although evidence originating from compromise negotiations may not be admitted to prove liability for or invalidity of a claim, the rule does not prevent the use of such evidence in all instances.
¶ 9 In fact, Rule 408 expressly “does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness.” Id. (emphasis added). The “such as” language indicates that a party may introduce evidence presented in offers to compromise for purposes other than proving bias or prejudice, so long as the evidence is not used to prove liability for or invalidity of a claim. Evidence admitted to impeach party credibility, like evidence admitted to prove bias or prejudice, does not prove liability for or invalidity of a claim. Thus, the plain language of Rule 408 does not prohibit admission of evidence disclosed in compromise negotiations for impeachment purposes.
¶ 10 Other courts have interpreted the plain language of Rule 408 to permit the admission of impeachment evidence. In interpreting Arizona’s evidentiary rules, we look to federal law when our rule is identical to the corresponding federal rule, as is true for Rule 408.[4] State v. Green, 200 Ariz. 496, 498 ¶ 10, 29 P.3d 271, 273 (2001) (“When interpreting an evidentiary rule that predominantly echoes its federal counterpart, we often look to the latter for guidance.”).
¶ 11 Most federal circuit courts agree that Rule 408 does not bar evidence from compromise negotiations if the evidence will be used for impeachment purposes. For instance, the Ninth Circuit Court of Appeals upheld the admission of an indemnity agreement made during compromise negotiations for purposes of attacking the credibility of wit *199 nesses, notwithstanding Rule 408, because that purpose is “distinct from proving liability.” Brocklesby v. United States, 767 F.2d 1288, 1292-93 (9th Cir.1985). Similarly, recognizing that Rule 408 prohibits an offer of compromise to prove liability for or invalidity of a claim, the Eighth Circuit Court of Appeals held that using an offer to compromise to rebut witness testimony is “permissible under [Rule 408]” because “[t]he rule ... ‘does not require exclusion when the evidence is offered for another purpose.’ ” Cochenour v. Cameron Sav. & Loan, F.A., 160 F.3d 1187, 1190 (8th Cir.1998)(quoting Fed.R.Evid. 408). See also Wyatt v. Sec. Inn Food & Beverage Inc., 819 F.2d 69, 71 (4th Cir.1987) (The court held that Rule 408 “need not prevent a litigant from offering evidence [from compromise negotiations] when he does not seek to show the validity or invalidity of the compromised claim.” The court, however, excluded the offered evidence because the court did “not see ... how [the] evidence was relevant.”); Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc., 687 F.2d 182, 185 (7th Cir.1982) (“In this case, the ‘settlement’ evidence was properly presented below to rebut defendants’ assertion that they had not been aware of the issues until the suit was filed.”). But cf. Williams v. Chevron U.S.A., Inc., 875 F.2d 501, 504 (5th Cir.1989) (upholding the trial court’s exclusion of settlement negotiations introduced for impeachment purposes because “it [was] undoubtedly possible that the jury would have confused [the impeachment] purpose for that precluded by Rule 408”) cited with approval in EEOC v. Gear Petroleum, Inc., 948 F.2d 1542, 1546 (10th Cir.1991).
¶ 12 State courts, including the Arizona Court of Appeals, also express general agreement that Rule 408 does not preclude the use of impeachment evidence derived from compromise negotiations. Considering the admission of a settlement letter for impeachment purposes, the Arkansas Supreme Court held that Rule 408 did not exclude a letter written in an attempt to settle a lawsuit because “Rule 408 is not a blanket prohibition against the admission of all evidence concerning offers to compromise. Instead, the rule only prohibits the introduction of such evidence when the evidence is offered to prove ‘liability for, invalidity of, or amount of the claim or any other claim.’” Ozark Auto Transp., Inc. v. Starkey, 327 Ark. 227, 937 S.W.2d 175, 178 (1997) (citation omitted(quoting Ark. R. Evid. 408). Similarly, the Idaho Supreme Court upheld “the use of statements contained in settlement negotiations for the purpose of impeaching witnesses who give contrary testimony” at trial. Davidson v. Beco Corp., 114 Idaho 107, 753 P.2d 1253, 1256 (1987). See also DeForest v. DeForest, 143 Ariz. 627, 633, 694 P.2d 1241, 1247 (App.1985) (holding that a husband’s signature agreeing to a proposed divorce decree “was properly admitted for the limited purpose of showing his knowledge of the proposed ... spousal maintenance award” when the husband testified at trial that he had never been aware of the award); El Paso Elec. Co. v. Real Estate Mart, Inc., 98 N.M. 570, 651 P.2d 105, 109 (Ct.App.1982) (holding that evidence from compromise negotiations “used to impeach, not to establish the amount of the claim ... comes within ‘another purpose’ [under Rule 408], and is admissible”).
B.
¶ 13 The public policy underlying both the Arizona and the federal rules of evidence favors allowing courts to admit evidence presented during compromise negotiations for impeachment. The purpose of the rules of evidence is to promote the “growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.” Fed. R.Evid. 102 (emphasis added); Ariz. R. Evid. 102 (emphasis added). Moreover, “[t]he purpose of Rule 408 is to foster ‘complete candor’ between parties, not to protect false representations.” 23 Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice & Procedure: Evidence § 5314, at 286 (1980).
¶ 14 Excluding evidence offered solely to impeach a party’s credibility does not encourage complete candor. To the contrary, that approach fails to hold parties accountable for setting forth one version of the facts to obtain a settlement and describing another version at trial. Claimants *200 should present their claims truthfully. Lawyers should not lie on behalf of clients in presenting a claim. Allowing the use of evidence from compromise negotiations for impeachment facilitates Rule 408’s goal of encouraging truthfulness by putting parties on notice that they should not falsely represent claims, either during compromise negotiations or at trial.
¶ 15 Of course, the admission of impeachment evidence taken from a notice of claim remains subject to Rules 401, 402 and 403, Ariz. R. Evid. Thus, impeachment evidence must be relevant under Rules 401 and 402, and unfair prejudice must not substantially outweigh its probative value. See Graber v. City of Ankeny, 616 N.W.2d 633, 640-41 (Iowa 2000) (holding evidence disclosed during settlement not admissible because the evidence was not relevant to show bias); Simmons v. Small, 986 S.W.2d 452, 455 (Ky.Ct.App.1998) (refusing to allow settlement evidence for purposes of impeachment because “[tjhere is no question that the evidence ... was prejudicial”); Stam v. Mack, 984 S.W.2d 747, 752 (Tex.App.1999) (precluding evidence of settlement agreement because the evidence did not show bias or shifting interest); Northington v. Sivo, 102 Wash.App. 545, 8 P.3d 1067, 1069 (Ct.App. 2000) (excluding evidence of a settlement to prove bias because the evidence “was irrelevant and unfairly prejudicial”).[5]
¶ 16 Because the rules of evidence seek to promote truthfulness, and Rule 408 encourages candid compromise negotiations, public policy dictates that evidence obtained in the course of compromise negotiations should be available for impeachment purposes.
III.
¶ 17 The facts underlying Hernandez’s fall as set forth in the notice of claim differed from the facts to which Hernandez testified prior to and during trial. Because Hernandez presented inconsistent versions of the facts surrounding his alleged injuries, the State sought to admit factual portions of the notice of claim to impeach Hernandez’s credibility. Significantly, the State did not introduce the notice to prove that it was not liable for Hernandez’s fall or to disprove the validity of Hernandez’s claim or its amount. Thus, even if we regard the notice of claim as an offer to compromise under Rule 408, the trial court properly admitted portions of the notice of claim to impeach Hernandez’s credibility.
IV.
¶ 18 For the foregoing reasons, we vacate the opinion of the Court of Appeals and affirm the judgment of the Superior Court.
CONCURRING: CHARLES E. JONES, Chief Justice and REBECCA WHITE BERCH, Justice.

. The statute requires that:
Persons who have claims against a public entity ... shall file claims with the person or persons authorized to accept service for the public entity.... The claim shall contain facts sufficient to permit the public entity ... to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.
A.R.S. § 12-821.01.A.

. The State stipulated to redaction of Hernandez’s statement defining the specific amount needed to settle the claim.

. Rule 408 provides:
Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.
Ariz. R. Evid. 408.

. See Fed.R.Evid. 408.

. The dissent expresses concern that juries will use impeachment evidence to determine the validity of a claim. The same concern exists, of course, for all evidence admitted for a limited purpose, and the Rules of Evidence address that concern. Just as Rules 401, 402 and 403 preclude the admission of irrelevant and highly prejudicial impeachment evidence, Rule 105 may be invoked to limit a jury’s consideration of impeachment evidence. Ariz. R. Evid. 105 ("When evidence which is admissible ... for one purpose but not admissible ... for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly.”). See also Readenour v. Marion Power Shovel, 149 Ariz. 442, 450, 719 P.2d 1058, 1066 (1986) (“Rule 105 is mandatory, not discretionary; 'once evidence admissible for one purpose but inadmissible for another is admitted, the trial court cannot refuse a requested limiting instruction.’"(quoting Chemetron Corp. v. Business Funds, Inc., 682 F.2d 1149, 1185 (5th Cir. 1982)); Joseph M. Livermore et al., 1 Arizona Practice Law of Evidence § 105.1, at 28 (4th ed. 2000) (“[Njotwithstanding a Rule 105 limiting instruction, the court would have the discretion to exclude the evidence from the trial altogether under Rule 403.”).