BREARCLIFFE, Judge:
¶1 Aaron Michael Rose appeals his convictions after a jury trial on two counts of sexual conduct with a minor under the age of fifteen. We affirm.
Issues
¶2 Rose contends the trial court committed fundamental error by admitting, under Rule 404(c), Ariz. R. Evid., evidence of his juvenile delinquency adjudication for child molestation. The state contends that the evidence was properly admitted. The sole issue on appeal is whether the court erred because Rule 404(c) does not permit the admission of evidence of other crimes, wrongs or acts committed by a juvenile as evidence of a character trait giving rise to an aberrant sexual propensity to commit a criminal sexual offense.
Factual and Procedural Background
¶3 We view the facts in the light most favorable to upholding the trial court's rulings and jury's verdict. See State v. Gay , 214 Ariz. 214, ¶¶ 2, 4, 150 P.3d 787, 790 (App. 2007). Rose was indicted on two counts of sexual conduct with a minor under the age of fifteen, a class two felony and dangerous *1001 crime against children in the first degree. Between December 2015 and August 2017, when Rose was thirty-six to thirty-eight years old, he engaged in the charged acts with the son of his then-girlfriend. The boy was between the ages of three and five at the time of the crimes. At trial, the state sought to introduce evidence under Rule 404(c) of Rose's prior juvenile delinquency adjudication for child molestation as evidence of Rose's aberrant sexual propensity to commit the acts charged in this case. In that matter, Rose, then fourteen, was found to have molested a five- to six-year-old boy in a similar manner.
¶4 Rose opposed the admission of the evidence arguing that expert witness testimony was necessary to demonstrate that he had a "continuing emotional propensity" to commit the crime, that the acts were dissimilar to the current charged offenses and remote in time, and that their admission would be unduly prejudicial. The trial court found the 1994 adjudication admissible under Rule 404(c). At the conclusion of the three-day trial, Rose was convicted on both counts, and the jury found the aggravating factor that the victim was age twelve or under at the time of each crime. Rose was sentenced to two consecutive life sentences, and he timely appealed. We have jurisdiction pursuant to A.R.S. §§ 13-4031 and 13-4033(A)(1).
Analysis
¶5 Rose did not assert below the ground he now asserts on appeal-that his 1994 adjudication was inadmissible by virtue of its being a juvenile adjudication. Consequently, he did not preserve the issue for harmless error review. As he must, he argues that the trial court's error in admitting this other-acts evidence was fundamental and prejudicial error. State v. Henderson , 210 Ariz. 561, ¶¶ 18-19, 115 P.3d 601, 607 (App. 2005). We therefore review the court's ruling admitting this other-acts evidence for fundamental error.
¶6 To establish fundamental, prejudicial error, a defendant must show trial error exists and that the error either went to the foundation of the case, deprived him of a right essential to his defense, or was so egregious that he could not possibly have received a fair trial. State v. Escalante , 245 Ariz. 135, ¶ 21, 425 P.3d 1078, 1085 (2018). If a defendant can make that showing, he must also demonstrate resulting prejudice. Id. If a defendant shows the error was so egregious that he could not have received a fair trial, however, then he has necessarily shown prejudice and must be granted a new trial. Id ."[T]he first step in fundamental error review is determining whether trial error exists." Id. (citing Henderson , 210 Ariz. 561, ¶ 23, 115 P.3d 601, 608 ).
¶7 We review the trial court's interpretation and application of court rules de novo . State v. Winegardner , 243 Ariz. 482, ¶ 5, 413 P.3d 683, 685 (2018). "We interpret court rules according to the principles of statutory construction." State v. Aguilar , 209 Ariz. 40, ¶ 23, 97 P.3d 865, 872 (2004). "But when the rule's language is unambiguous, 'we need look no further than that language to determine the drafters' intent.' " Id .
¶8 Rules 404(a) and (b) read together serve as an exception to the general principle, provided by Rules 401 and 402, Ariz. R. Evid., that all relevant evidence is admissible in criminal cases. Rules 404(a) and (b) bar evidence of "other crimes, wrongs, or acts" to prove a defendant's character or trait for the purpose of proving "action in conformity therewith." Rule 404(c), however, serving itself as an exception to Rules 404(a) and (b), permits admission of other-acts evidence for this purpose when the defendant is charged with having committed a "sexual offense."
¶9 In such a case, other-acts evidence is admissible under Rule 404(c)"if relevant to show that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the offense charged." The trial court may admit such evidence if it finds (1) "the evidence is sufficient to permit the [jury] to find that the defendant committed the other act," (2) the other act "provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged," and (3) the evidentiary value of the other-act evidence is not substantially outweighed by the factors stated in Rule 403, Ariz. R. Evid. ("unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). Ariz. R. Evid. 404(c). On its face, Rule 404(c) makes no distinction between *1002 the admission of evidence of another crime, wrong, or act the defendant committed as a juvenile and one he committed as an adult. See id. Nonetheless, Rose would have this court add to the rule, by judicial fiat, an additional restriction on the admission of such other-acts evidence, namely, that no evidence of an act committed when the defendant was a juvenile may be admitted under Rule 404(c).
¶10 Rose argues that any admission of other-acts evidence otherwise allowable under the plain reading of Rule 404(c) is impermissible and reversible fundamental error because "juvenile offenders are far different from adult offenders," and, as shown by other rules of evidence, juvenile adjudications must be treated differently from adult convictions. Rose also argues that the admission of such evidence under Rule 404(c) violates a criminal defendant's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution, and his rights under article 2, §§ 23 and 24 of the Arizona Constitution.[1] The state argues principally that Rose has failed to show fundamental error-including prejudice-because under its plain language, Rule 404(c) does not prohibit the use of juvenile crimes as other-acts evidence.
¶11 Initially, Rose argues that Rules 608 and 609, Ariz. R. Evid., are "instructive" on this question. Those rules, read together, do not permit the admission of evidence of a defendant's juvenile delinquency adjudication as impeachment evidence bearing on his credibility-that is, to prove his character trait for "truthfulness or untruthfulness." Because these rules treat juvenile delinquency adjudications differently from adult convictions for credibility determinations, Rose argues that such adjudications and convictions ought to be treated differently under Rule 404(c) for propensity determinations. We do not agree.
¶12 Rose is, in effect, asking us to apply the reasoning of a rule on impeachment to a question of propensity and then, having done so, read into Rule 404(c) a limitation not expressly put there by the supreme court or, at any time since its adoption in 1997, imposed otherwise statutorily by the legislature. That the supreme court distinguished juvenile delinquency adjudications from adult convictions in Rules 608 and 609, but made no corresponding distinction between juvenile other-acts evidence and adult other-acts evidence in Rule 404(c), supports the conclusion that it intended that there be none. Moreover, the legislature in A.R.S. § 8-207(B) provided that "[t]he disposition of a juvenile in the juvenile court may not be used against the juvenile in any case or proceeding other than a criminal or juvenile case in any court." (Emphasis added.) By expressly allowing the use of juvenile adjudications in criminal cases, this statute does not betray any public policy against using them for the purposes of Rule 404(c).
¶13 Rose then asks us to apply here the principles of Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) and Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), addressing the punishment that may be levied against juvenile defendants. Rose wants this court to extend the general reasoning of those cases-that "children are constitutionally different" for the purposes of punishment-to this evidentiary matter. In Graham , extending its then-recent Eighth Amendment cases,[2] the United States Supreme Court pronounced that "The Constitution *1003 prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." 560 U.S. at 82, 130 S.Ct. 2011. In Miller , the Court, still extending, held that "mandatory life-without-parole sentences for juveniles violate the Eighth Amendment." 567 U.S. at 470, 132 S.Ct. 2455.
¶14 We are constrained by the Supremacy Clause to follow the United States Supreme Court in matters on which it may and does authoritatively speak in a similar factual context. See, e.g. , McLaughlin v. Jones , 243 Ariz. 29, ¶ 25, 401 P.3d 492, 498 (2017), cert. denied , --- U.S. ----, 138 S.Ct. 1165, 200 L.Ed.2d 314 (2018) ; Wright v. Salt River Valley Water Users' Ass'n , 94 Ariz. 318, 323, 384 P.2d 104 (1963) (court bound by decision of United States Supreme Court dealing with a similar fact situation). However, we are not constrained to apply its reasoning to wholly different circumstances on which that court has not spoken, or on which it cannot speak such as on pure matters of state constitutional or statutory law. See Pool v. Superior Court , 139 Ariz. 98, 108, 677 P.2d 261, 271 (1984) ("The decisions of the United States Supreme Court are binding with regard to the interpretation of the federal constitution; interpretation of the state constitution is, of course" the province of Arizona's courts); see also Bunker's Glass Co. v. Pilkington PLC , 206 Ariz. 9, ¶¶ 8, 13, 75 P.3d 99, 102-104 (2003) (declining "to rigidly follow federal precedent on every issue of antitrust law regardless of whether differing concerns and interests exist in the state and federal systems," and because doing so would "thwart[ ] the [Arizona] legislative intent" and would not necessarily achieve uniformity); McLaughlin v. Bennett , 225 Ariz. 351, ¶ 14, 238 P.3d 619, 623 (2010) (refusing to extend reasoning of federal courts on general treatment of public elections and union representation in context of a "separate amendment" ballot dispute). Because neither Graham nor Miller bears on evidentiary matters, and because this matter does not involve the 8th Amendment, we also will not apply the principles of those cases here.
¶15 Rose similarly cites to a series of non-binding, federal cases interpreting federal rules of evidence, which are materially different from the Arizona rule of evidence at issue, and asks us to follow their lead. Because Rule 404(c) has no identical counterpart in the federal rules of evidence, there is no federal lead to follow. Cf. Hernandez v. State , 203 Ariz. 196, ¶ 10, 52 P.3d 765, 767 (2002) ("In interpreting Arizona's evidentiary rules, we look to federal law when our rule is identical to the corresponding federal rule"); but see State v. Green , 200 Ariz. 496, ¶ 10, 29 P.3d 271, 273-274 (2001) ("When interpreting an evidentiary rule that predominantly echoes its federal counterpart, we often look to the latter for guidance."). Consequently, we will not look to the cited federal authority for guidance.
¶16 Defendants who committed other crimes, wrongs or acts while under the age of eighteen are not without safeguards as to the admission of such propensity evidence in later prosecutions for sexual offenses. As stated above, Rule 404(c) provides a series of factors a trial court must consider before any such evidence is presented to a jury: there must be sufficient facts supporting that the earlier act in fact occurred; the commission of that earlier act must provide a "reasonable basis to infer" that the accused had the aberrant-sexual-propensity character trait; and the evidence of the other act must not be "substantially outweighed by the danger of unfair prejudice"-as to which the court considers all of the traditional Rule 403 factors. Ariz. R. Evid. 404(c). While these considerations are given to evidence of other acts committed by adults as well as by minors, it is not an undemanding examination. Indeed, the trial judge here, examining those factors, although admitting evidence of the crime Rose committed at age fourteen, refused to admit evidence of another act he had committed at age eighteen, although urged to do so by the state.
¶17 Rose has failed to demonstrate that the trial court did not properly apply the plain language and requirements of Rule 404(c) when it admitted evidence of Rose's juvenile delinquency adjudication for child molestation as other-acts evidence of his aberrant sexual propensity to commit the crimes charged here. It is neither a trial court's nor this court's role to apply the rules of evidence other than according to their plain language. State v. Salazar-Mercado , 234 Ariz. 590, ¶ 4, 325 P.3d 996, 997 (2014) ("If a rule's language is plain and unambiguous, *1004 we apply it as written without further analysis."). Consequently, we do not find that the trial court erred. And because the court did not err in the first place, there necessarily cannot be fundamental error. Escalante , 245 Ariz. 135, ¶ 21, 425 P.3d 1078, 1085.
Disposition
¶18 Because evidence of another crime, wrong, or act committed by a minor, including one that resulted in a juvenile delinquency adjudication, may be admitted under Rule 404(c), we affirm Rose's convictions and sentences.

Rose does not articulate, beyond his citation to United States Supreme Court case law elsewhere in his briefs, how the language of these federal constitutional provisions, which are generally applicable to all persons, are to be applied differently to him in a case such as this one. And, he does not approach any argument at all as to the Arizona constitutional provisions. Because he did not, we will not address the claim of a violation of these provisions beyond addressing the applicability of the United States Supreme Court cases cited. See State v. Moody , 208 Ariz. 424, n.9, 94 P.3d 1119, 1147 (2004) (Appellant "must present significant arguments, supported by authority, setting forth [the] appellant's position on the issues raised. Failure to argue a claim usually constitutes abandonment and waiver of that claim." (quoting State v. Carver , 160 Ariz. 167, 175, 771 P.2d 1382, 1390 (1989) )).

Atkins v. Virginia , 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002) (execution of the mentally retarded unconstitutional), Roper v. Simmons , 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005) (death penalty for juveniles unconstitutional), and Kennedy v. Louisiana , 554 U.S. 407, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008) (death penalty in non-homicide cases unconstitutional).