IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DUSTIN GILL, *Appellant*.

No. 1 CA-CR 15-0509
FILED 6-23-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-449134-001
The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz and Christian Lueders, Rule 38(d) certified student
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia Dawn Beck
*Counsel for Appellant*

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Maurice Portley and Judge John C. Gemmill joined.

**T H U M M A**, Judge:

**¶1**		Dustin Gill appeals his conviction for possession or use of marijuana, a Class 1 misdemeanor, arguing the superior court erred by admitting Gill's statements to a representative of the Treatment Assessment Screening Center (TASC) program during a deferred prosecution. Because Gill has shown no error, his conviction is affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**		In 2013, a security guard found Gill in a restroom holding several grams of marijuana. The State charged Gill with one count of possession or use of marijuana, a Class 6 felony. After the State reduced the charge to a misdemeanor, and Gill rejected plea offers, the parties agreed that the prosecution would be deferred while Gill participated in a TASC program. *See* Ariz. Rev. Stat. (A.R.S.) § 11-361 (2016). [2]

**¶3**		When entering the TASC program, a TASC representative interviewed Gill and Gill filled out a "statement of facts" form. On that form, which Gill and his attorney signed, Gill indicated he understood his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and avowed that "I fully understand that what I have written here may be used against me in a court of law should I fail to satisfactorily complete the TASC program." When asked about "the facts of the offense," Gill wrote on the form: "The marijuana was found in the bathroom on the ground in my possession."

**¶4**		Although Gill participated in the TASC program for a period of time, he failed to complete the requirements and the State resumed prosecution. After Gill then rejected another plea offer, he moved to suppress the "statement of facts" form and any testimony from TASC representatives regarding his admissions, claiming (as relevant here) they were inadmissible because they were made in the course of plea discussions.[3] After full briefing, the superior court denied Gill's motion.

---

[1] On appeal, this court views the evidence in the light most favorable to sustaining the conviction and resolves all reasonable inferences against the defendant. *State v. Karr*, 221 Ariz. 319, 320 ¶ 2 (App. 2008).

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[3] Gill also argued to the superior court the statements were involuntary, an argument he does not press on appeal and is not addressed here.

After a bench trial, the court found Gill guilty, suspended his sentence and placed him on one year of unsupervised probation. Gill timely appealed his conviction. This court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12–120.21(A)(1), 13–4031, and –4033(A).

## DISCUSSION

¶5      Gill argues information he provided to TASC was not admissible at trial because they constitute "a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea." Ariz. R. Evid. 410(a)(4); *see also* Ariz. R. Crim. P. 17.4(f) (noting admissibility "of a plea, a plea discussion, and any related statement is governed by" Ariz. R. Evid. 410). This court reviews the superior court's ruling on such an issue for an abuse of discretion. *Lohmeier v. Hammer*, 214 Ariz. 57, 60 ¶ 6 (App. 2006).

¶6      Gill's argument fails for three reasons.

¶7      First, Gill did not provide information to TASC "during plea discussions." Ariz. R. Evid. 410(a)(4). Although Ariz. R. Crim. P. 17.4 governs plea negotiations and agreements and refers to Ariz. R. Evid. 410, *see* Ariz. R. Crim. P. 17.4(f), the TASC program is part of a deferred prosecution governed by Ariz. R. Crim. P. 38, which does not reference Ariz. R. Evid. 410. Participating in a deferred prosecution program such as TASC, then, is not a plea negotiation or agreement subject to Ariz. R. Crim. P. 17.4 or Ariz. R. Evid. 410. In fact, Gill agreed to participate in the TASC program, and provided the statements challenged here, *after* he *rejected* a plea offer. Given that Gill rejected the plea offer before agreeing to participate in the TASC program, there were no plea discussions ongoing when he later provided TASC the statements he challenges here.

¶8      Second, there is no suggestion that Gill's statements were made "during plea discussions with an attorney for the prosecuting authority." Ariz. R. Evid. 410(a)(4). Gill has not shown that the TASC representative he spoke with, and provided the written "statement of facts" form to, was an attorney, let alone an attorney for the State as required by Ariz. R. Evid. 410(a)(4).

¶9      Third, even if Gill's statements met the requirements of Ariz. R. Evid. 410(a)(4), Gill waived those protections. A defendant can voluntarily waive the protections of Ariz. R. Evid. 410(a)(4). *State v. Campoy*, 220 Ariz. 539, 549-50 ¶¶ 30-34 (App. 2009) (citing *United States v. Mezzanatto*,

513 U.S. 196, 210-11 (1995), which interpreted Fed. R. Evid. 410).[4] Gill did just that when he indicated he understood *Miranda* warnings listed on the TASC form and wrote "yes" and initialed next to the following: "I have made this statement without coercion and of my own free will. I fully understand that what I have written here may be used against me in a court of law should I fail to satisfactorily complete the TASC program." Only after that waiver did Gill provide the statements he challenges on appeal.

## CONCLUSION

¶10       Because Gill has shown no error, his conviction is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: AA

---

[4] As applicable here, Fed. R. Evid. 410 (1995), cited in *Mezzanatto*, is substantially similar to the Ariz. R. Evid. 410 (2009), cited in *Campoy*, and substantially similar to the current version Ariz. R. Evid. 410.