NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

LEROY MARCELLUS JACKSON, III, *Appellant.*

No. 1 CA-CR 19-0526
FILED 2-18-2021

Appeal from the Superior Court in Maricopa County
No. CR2012-147343-002
The Honorable Michael J. Herrod, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mikel Steinfeld
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Lawrence F. Winthrop joined.

**B A I L E Y**, Judge:

¶1        Leroy Marcellus Jackson, III, appeals his conviction for first-degree murder, a Class 1 dangerous felony, and attempted armed robbery, a Class 3 dangerous felony.  Because Jackson has shown no error, we affirm his convictions.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        A jury convicted Jackson of attempted armed robbery and first-degree murder of D.C.[2], who was shot inside his apartment near Brown Road in Mesa in July 2012.  Before trial, the State noticed its intent to introduce text messages exchanged between Jackson and his alleged accomplice, Christopher Woods, to rebut Jackson's noticed defenses and as evidence of Jackson's plan and intention to rob D.C.  *See* Ariz. R. Evid. 404(b).  In the two months preceding the murder, Jackson and Woods had exchanged several text messages that referenced "licks," "stains," and guns.[3]  Two of the texts specifically discussed a "stain" on Brown Street ("Brown Street texts") less than a month before the murder.

¶3        After a hearing, the court ruled that the State could introduce the Brown Street texts but precluded more than two dozen other text exchanges between Jackson and Woods unless Jackson presented a lack-of-intent or mere-presence defense.  The court noted that the ruling was

---

[1] On appeal, we view the evidence in the light most favorable to sustaining the convictions and resolve all reasonable inferences against Jackson.  *State v. Karr*, 221 Ariz. 319, 320, ¶ 2 (App. 2008).

[2] Initials are used to protect the victim's privacy.  *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2  n.1 (App. 2003).

[3] A detective familiar with slang testified at the pre-trial hearing that a "lick" refers to a robbery and "stain" refers to the robbery of a drug dealer.

"subject to change depending on how the trial unfolds and what evidence gets presented."

¶4 At the trial, the State introduced the Brown Street texts through Detective Larry Gladysh. On cross-examination, Jackson asked Gladysh, "And you had the one text message with that number . . . and Christopher Woods on June 24th?" The State objected. At a sidebar outside the jury's presence, the State argued that the question unfairly characterized the communication between Jackson and Woods but did not move to strike the question or Gladysh's answer. When the examination resumed, Jackson challenged Gladysh's earlier testimony that the text's reference to "Brown Street" was a reference to "Brown Road." On re-direct, the State moved to reconsider the court's pre-trial ruling, arguing that the defense's questioning unfairly depicted communications between Jackson and Woods before the murder and therefore opened the door for the State to introduce the remaining texts. The court granted the State's motion and concluded the cross-examination had implied that Jackson and Woods had exchanged just the one set of texts before the murder and the defense had therefore opened the door to the admission of the remaining texts.

¶5 We have jurisdiction over Jackson's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

¶6 On appeal, Jackson argues the court erred in admitting the texts. "We review a trial court's admission of evidence for an abuse of discretion . . . ." *State v. Gill*, 242 Ariz. 1, 3, ¶ 7 (2017).

I. Admission of the Brown Street Texts

¶7 Jackson argues the Brown Street texts were irrelevant; the State argues the Brown Street texts were relevant because they made it more probable that Jackson intended to rob D.C. Under Arizona Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." Per Rule 402, relevant evidence is admissible. The bar for relevancy is not particularly high. *State v. Fish*, 222 Ariz. 109, 124, ¶ 48 (App. 2009).

¶8 Jackson contends the Brown Street texts, exchanged three weeks before the murder, were sent "too long before" the killing to be relevant. However, "temporal remoteness goes to weight, not

admissibility." *State v. Bible*, 175 Ariz. 549, 593 (1993); *see also State v. Van Adams*, 194 Ariz. 408, 416, ¶ 24 (1999). Here, the jury could properly conclude that the texts, sent weeks before the murder, suggested Jackson and Woods planned the crime. Likewise, Jackson's claim that the reference to "Brown Street" did not necessarily refer to Brown Road is simply an argument against the evidence's weight. *See Yauch v. S. Pac. Transp. Co.*, 198 Ariz. 394, 402, ¶ 22 (App. 2000) ("[A]lleged deficiencies in . . . proffered evidence neither render it irrelevant nor destroy its foundation . . . ."). It was for the jury to determine how much weight to give these texts. *See id.* The jury properly could consider that Brown Street was a reference to Brown Road in Mesa and weigh the Brown Street texts accordingly. Here, the court did not abuse its discretion in admitting the Brown Street texts. *See Gill*, 242 Ariz. at 3, ¶ 7.

II. Admission of the Other Messages

**¶9** Jackson argues the court erred in admitting the remaining texts because his questioning was proper and did not open the door to admission of otherwise inadmissible evidence. He contends the court had stated it would reconsider its initial ruling only if Jackson asserted a particular defense. That assertion, however, misstates the court's ruling, which cautioned, "this ruling is subject to the evidence presented at trial which may either allow this evidence to be presented or make the evidence subject to objection."

**¶10** "[W]here one party injects improper or irrelevant evidence or argument, the 'door is open,' and the other party may have a right to retaliate by responding with comments or evidence on the same subject." *Pool v. Superior Court*, 139 Ariz. 98, 103 (1984). Here, Jackson's questions about the Brown Street texts implied that Jackson and Woods had just one text exchange about drug robberies. Thus, the court did not abuse its discretion by admitting the remaining texts to rebut that incorrect inference. *See State v. Connor*, 215 Ariz. 553, 563, ¶ 33 (App. 2007) (admission of burglary evidence was proper to rebut defendant's testimony about the relationship with the victim); *see also State v. Kemp*, 185 Ariz. 52, 60-61 (1996) (stating limited admission of co-defendant's statements was proper when questioning implied there was no evidence linking the defendant to the murder).

**¶11** Jackson further argues that the jury could have considered the evidence for an improper purpose, in violation of Arizona Rule of Evidence 404(b). Under Rule 404(b), a trial court may allow evidence only if it determines that:

> (1) the evidence is proffered to show something other than conduct in conformity with the prior acts, pursuant to rule 404(b); (2) the evidence is legally and logically relevant under rule 402; (3) the probative value of the evidence substantially outweighs the risk of unfair prejudice under rule 403; and (4) defendant has not been denied an appropriate limiting instruction under rule 105.

*State v. Hyde*, 186 Ariz. 252, 276 (1996). Here, the evidence was not offered to prove Jackson intended to kill or rob the victim, or as character evidence, but to rebut the inference that Jackson and Woods discussed committing a "stain" only once and establish Jackson's intent or plan to commit the robbery. *See id.* Moreover, the court did not err by concluding that the texts' probative value was not substantially outweighed by their prejudicial effect. Furthermore, any risk of prejudice was alleviated when the court instructed the jury to consider the remaining messages only to establish Jackson's motive or intent or for another permitted purpose under Rule 404(b). *See Fish*, 222 Ariz. at 125, ¶ 52 ("[T]he risk of a jury using the evidence for an improper purpose is minimized by the requirement that a limiting instruction be given.").

¶12  On this record, we cannot conclude the court abused its discretion in admitting the remaining text messages. *See Connor*, 215 Ariz. at 563, ¶ 32.

## CONCLUSION

¶13  Because the court did not err in admitting the text messages, we affirm Jackson's convictions.

