NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Respondent,*

*v.*

JASON D. SIMPSON, *Petitioner.*

No. 1 CA-CR 20-0092 PRPC
FILED 6-8-2021

---

Petition for Review from the Superior Court in Maricopa County
No. CR2015-134762-001
The Honorable Warren J. Granville, Judge (Retired)

**REVIEW GRANTED; RELIEF DENIED**

---

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Respondent*

DuMond Law Firm PLLC, Phoenix
By Samantha Kelli DuMond
*Counsel for Petitioner*

Fahringer & Dubno, New York NY
By Erica T. Dubno
*Counsel for Petitioner, admitted pro hac vice*

---

**MEMORANDUM DECISION**

---

Presiding Judge David B. Gass, Judge Michael J. Brown, and Judge David D. Weinzweig delivered the decision of the court.

---

**PER CURIAM**:

¶1          Jason D. Simpson petitions for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure 33.  For the reasons stated, we grant review and deny relief.

## BACKGROUND

¶2          Simpson pled guilty to two counts of attempted sexual conduct with a minor (Counts 13 and 14) and one count of sexual abuse (Count 23), class 3 felonies and dangerous crimes against children. Simpson also pled guilty to one count of  public sexual indecency (Count 26), a class 5 felony.  Consistent with the parties' stipulations in the plea agreement, the superior court sentenced Simpson to presumptive prison terms for Counts 23 and 26, to be followed by lifetime probation for Counts 13 and 14.  The court ordered the prison sentences to run consecutively to each other.

¶3          Simpson then sought post-conviction relief ("PCR") and raised four claims: (1) the factual basis supporting his conviction for Count 23 insufficiently established his "sexual intent" to commit sexual abuse, (2) the superior court impermissibly relied on the victim's age twice to impose enhanced sentences, (3) the prosecution took vindictive action against him in refusing to consider his counter-offer during plea negotiations, and (4) his counsel was ineffective.  The superior court summarily dismissed the petition.

## DISCUSSION

¶4          We will affirm the superior court's ruling on a PCR petition absent an abuse of discretion.  *State v. D'Ambrosio*, 156 Ariz. 71, 73 (1988). Repeating his claims made in superior court, Simpson first contends the factual basis for his sexual abuse conviction was insufficient.  He argues the facts presented at the change of plea hearing did not establish he "personally engaged in any sexual contact" with the victim or that he otherwise acted with the requisite sexual intent.

¶5            Contrary to Simpson's assertion, a conviction for sexual abuse does not require a defendant to "personally" touch the victim.  *See* A.R.S. §§ 13-1404 (sexual abuse committed "by intentionally or knowingly engaging in sexual contact . . . with any person under fifteen years of age if the sexual contact involves only the female breast"); 13-1401(A)(3)(a) (defining "[s]exual contact" as "any direct or indirect touching . . . of any part of the . . . female breast . . . *or causing a person to engage in such contact*") (emphasis added).   Here, the factual basis established that Simpson "knowingly directed D.L. . . . to touch the breast of S.D., a minor under the age of 15 years[.]"  The record reflects Simpson expressly agreed  the factual basis was "accurate[.]"

¶6            Simpson argues nonetheless that causing someone else to engage in the touching is "constitutionally defective" because it fails to establish he was motivated by sexual intent.  In support, he relies on statutory amendments in 2018 that changed the definition of sexual contact and eliminated the lack of sexual motivation as a defense to the crimes of sexual abuse and molestation, thereby effectively imposing on the State the burden of proving a defendant was sexually motivated when committing the offenses.  2018 Ariz. Sess. Laws, ch. 266, §§ 1–2 (2d Reg. Sess.).

¶7            But Simpson committed sexual abuse in 2015, three years before the statutory revisions became effective.  Thus, the amendments apply to Simpson only if they are retroactive.  Statutory amendments are not retroactive unless expressly provided, A.R.S. § 1-244, and the only exception is if the amendment is a procedural, rather than substantive, change in the law.  *State v. Fell*, 210 Ariz. 554, 560, ¶¶ 21–22 (2005).  Here, the amendments do not apply retroactively because they changed the law substantively and the legislature did not expressly provide for their retroactive application.  The factual basis the superior court considered when accepting Simpson's change of plea was thus factually and legally sufficient.  *See State v. Holle*, 240 Ariz. 300, 304, ¶ 19 (2016) ("[T]he [pre-2018 amendment] statutory scheme clearly and unambiguously identifies the elements of . . . sexual abuse, . . .  does not include sexual motivation as an element the state must prove, and instead unequivocally identifies lack of sexual motivation as an affirmative defense.").

¶8            Second, Simpson argues the sexual abuse statute is unconstitutional because it "allows for punishment to be enhanced twice based solely upon the victim's age."  By pleading guilty, however, Simpson waived any challenge to the statute's constitutionality.  *State v. Crocker*, 163 Ariz. 516, 517 (App. 1990); *see also United States v. DeVaughn*, 694 F.3d 1141, 1154 (10th Cir. 2012) ("When a defendant admits guilt of a substantive

crime, he cannot reverse course on appeal and claim the criminal statute is unconstitutional."). This claim is precluded. Ariz. R. Crim. P. 33.2(a)(1).

¶9　　　　Third, Simpson contends the prosecutor acted vindictively because, after Simpson effectively rejected the original plea offer by extending a counter-offer, the prosecutor retaliated by extending an offer containing harsher terms than in the original offer. But the prosecutor was not required to accept Simpson's counter-offer; indeed, the prosecutor had no obligation to enter into *any* plea agreement in this case, let alone to make a second offer after Simpson rejected the first offer. *See* Ariz. R. Crim. P. 17.4(a)(1) ("The parties *may* negotiate and reach agreement on any aspect of a case.") (emphasis added); Restatement (Second) of Contracts § 39(1), cmt. a (1981) ("It is often said that a counter-offer is a rejection, and it does have the same effect in terminating the offeree's power of acceptance."); *United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 272 (App. 1983) (citing Restatement and finding counter-offer "was a rejection of the offer"). In any event, the record supports the superior court's determination that Simpson knowingly, intelligently, and voluntarily accepted the terms that were ultimately offered. *See State v. Gill*, 242 Ariz. 1, 5, ¶ 14 (2017) ("[P]lea discussions may involve a series of offers, rejections, and counter-offers before they are successfully concluded or terminated.").

¶10　　　　Finally, Simpson claims his counsel was ineffective for failing to inform him his counter-offer would constitute a rejection of the State's initial plea offer. Had counsel provided proper advice, Simpson asserts, he would have accepted the State's initial offer and thereby obtained more lenient and concurrent prison sentences.

¶11　　　　To state a colorable claim of ineffective assistance of counsel ("IAC"), a defendant must show counsel's performance fell below objectively reasonable standards and that the deficient performance resulted in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *State v. Nash*, 143 Ariz. 392, 397–98 (1985) (adopting the *Strickland* test). Failure to satisfy either prong of the *Strickland* test is fatal to an IAC claim. *State v. Salazar*, 146 Ariz. 540, 541 (1985). To establish prejudice, a defendant must show "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

¶12　　　　Both the initial plea offer and the offer Simpson ultimately accepted provided for the imposition of a prison term for Count 26 and no less than the five-year presumptive prison term for Count 23. The relevant difference between the offers is that the initial one contained no specific

agreement as to whether the imposed prison terms would run concurrently or consecutively to each other, whereas the offer accepted by Simpson specified consecutive terms. Thus, as explained to Simpson at the settlement conference, the first offer did not require imposition of concurrent sentences; rather, it gave the court discretion to impose either concurrent or consecutive prison terms. But Simpson has not offered any evidence showing the court would have imposed concurrent sentences had Simpson accepted the initial plea offer. *See State v. Rosario,* 195 Ariz. 264, 268, ¶ 23 (App. 1999) (To state a colorable IAC claim, "[t]he petitioner . . . must offer some evidence of a reasonable probability that, but for counsel's unprofessional errors, the outcome of the [proceeding] would have been different."). Because Simpson has not satisfied the prejudice prong under *Strickland*, his IAC claim necessarily fails. *See State v. Salazar,* 173 Ariz. 399, 414 (1992) ("If no prejudice is shown, the court need not inquire into counsel's performance.").

**CONCLUSION**

¶13 Simpson has not established that the superior court abused its discretion by denying his PCR petition. We therefore deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA