NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ABRIANNA ROSE CLEMONS, *Appellant.*

No. 1 CA-CR 22-0604
FILED 4-25-2024

Appeal from the Superior Court in Maricopa County
No. CR2022-108834-001
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Anni Hill Foster and Vice Chief Judge Randall M. Howe joined.

**F U R U Y A**, Judge:

¶1             Abrianna Clemons appeals her conviction and sentence for unlawful discharge of a firearm. Clemons' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, he found no arguable question of law that was not frivolous. Clemons was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for arguable issues of reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). After reviewing the record, we affirm Clemons' conviction and sentence.

## FACTS AND PROCEDURAL BACKGROUND

¶2             Clemons began dating T.B. not long after T.B. and his wife, I.G., separated and began divorce proceedings. Clemons and I.G. developed an antagonistic, and at times threatening, relationship with each other. One evening, both women happened to visit the same beauty supply store at the same time. I.G. was with her 16- and 19-year-old daughters. Clemons had driven to the store with T.B., but he stood outside the car smoking a cigarette in the parking lot while Clemons entered the store. Inside, Clemons and I.G. began arguing, and Clemons repeatedly asked if I.G. and her daughters were going to "jump" her. Clemons ran outside the store toward T.B.'s car, as I.G. and her daughters followed.

¶3             Clemons retrieved a handgun from the car, and she swung it around wildly as T.B. tried to wrestle it away from her. Clemons fired a shot in I.G.'s direction, and the bullet struck a window panel, about two feet above the ground, of a vacant commercial establishment. Clemons and T.B. then drove away while one of I.G.'s daughters called 911. Clemons admitted firing a "warning shot" and said she was scared for her life.

¶4             The State charged—and tried Clemons before a jury—on two counts: aggravated assault under A.R.S. § 13-1203(A)(2) and § 13-1204(A)(2), a Class 3 felony, and criminally negligent discharge of a firearm

under § 13-3107(A), a Class 6 felony. The State alleged both offenses were dangerous felonies.

¶5        Clemons argued at trial that her conduct was justified by self-defense. The jury found her guilty of unlawful discharge of a firearm but found her not guilty of aggravated assault. The parties stipulated that the unlawful discharge count was a dangerous offense, which made it prison mandatory. *See* A.R.S. §§ 13-704(G), -3107(B). The superior court sentenced Clemons to the minimum prison term for unlawful discharge of a firearm as a dangerous offense, and it awarded her 32 days of presentence incarceration credit. *See* A.R.S. §§ 13-704(A), -3107(A).

¶6        Clemons timely appealed. We have jurisdiction under Article 6, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶7        We have read and considered counsel's brief and have reviewed the record for arguable issues of reversible error. *See Leon*, 104 Ariz. at 300. We find none.

¶8        The record reflects that the superior court afforded Clemons all her constitutional and statutory rights and that it conducted the proceedings in compliance with the Arizona Rules of Criminal Procedure. Clemons was present and represented by counsel at all critical stages. The evidence presented at trial was sufficient to support the jury's verdict. The jury was properly composed and instructed, and there is no evidence of misconduct. Clemons' sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

¶9        Although appellate counsel found no arguable issues, counsel noted that this court might wish to address the trial admission of a statement made by Clemons during a settlement conference. Clemons testified at trial that she did not see I.G. with a weapon during the incident outside the beauty supply store. The State sought to impeach Clemons' testimony with her prior statement, made during a settlement conference in her case, that I.G. was banging on T.B.'s car with a knife when they were outside the store. Defense counsel did not object to admission of the settlement statement based on his belief, consistent with the prosecutor's position, that it was admissible as a prior inconsistent statement. The superior court ruled that "by stipulation, the discussion from the settlement conference regarding the knife [could] come in as a prior inconsistent

statement," and the prosecutor elicited such evidence during its rebuttal case.

¶10 Arizona Rule of Evidence ("Rule") 410 prohibits the admission against a criminal defendant of a statement made by the defendant during a plea negotiation proceeding. Ariz. R. Evid. 410(a). Contrary to the views expressed by the prosecutor and defense counsel during Clemons' trial, the rule does not contain an exception for a statement that would otherwise be admissible as a prior inconsistent statement under Rule 801(d)(1)(A). *See* Ariz. R. Evid. 410(b); *cf. United States v. Wood*, 879 F.2d 927, 935–37 (D.C. Cir. 1989) (holding statements made during plea negotiations are inadmissible under Federal Rule 410 unless waived); *Hernandez v. State*, 203 Ariz. 196, 198 ¶ 10 (2002) ("In interpreting Arizona's evidentiary rules, we look to federal law when our rule is identical to the corresponding federal rule."). But because Clemons waived the right to nondisclosure of her prior statement, the record does not support a claim of reversible error. *See State v. Gill*, 242 Ariz. 1, 6 ¶ 20 (App. 2017) (knowing and voluntary waiver of Rule 410 is enforceable) (citing *United States v. Mezzanatto*, 513 U.S. 196, 210 (1995)).

## CONCLUSION

¶11 Clemons' conviction and sentence are affirmed. Unless defense counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review, his obligations regarding Clemons' appeal will end after informing her of the outcome of this appeal and her future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Clemons shall have 30 days from the date of this decision to proceed, if she desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA